UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD SHAIL *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:25cv953 DRL-SJF |
| SHAWN AKISON *et al.*, | |
| Defendants. | |
| J.V., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25cv954 DRL-SJF |
| SHAWN AKISON *et al.*, | |
| Defendants. | |
| RYAN HENRICH *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:26cv36 DRL-SJF |
| SHAWN AKISON *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Last year, Shawn Akison was driving a box truck transporting goods for online retailer Amazon when his vehicle struck a school bus carrying some of the New Prairie High School junior varsity baseball team in LaPorte County, Indiana. He was allegedly under the influence of

fentanyl at the time. The collision was preceded by a pursuit by the St. Joseph County Sheriff's Department that was abandoned at the LaPorte County line. These three separate lawsuits are brought by bus passengers and other interested parties injured by the accident—volunteer baseball coach Richard Shail (and his spouse), the minor J.V., and Ryan and Christy Henrich as parents of their minor child N.H. The court addresses only subject matter jurisdiction today rather than the merits; and, because the rationale applies equally to each of these three cases, the court consolidates its ruling.

Each suit names mostly the same defendants. The plaintiffs each proceed against Mr. Akison; Mr. Akison's employer, Elite Courier, Inc.; three Amazon affiliates by way of Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively called Amazon here); EAN Holdings, LLC, which reportedly owned the box truck; St. Joseph County, Indiana, the municipal entity encapsulating the St. Joseph County Sheriff's Department; and American Southern Home Insurance Company, which provided insurance to New Prairie Schools that covered the bus passengers. The plaintiffs then sue their own insurers: the Shails name West Bend Insurance Company; J.V. names Progressive Southeastern Insurance Company; and the Henrichs name United Farm Family Mutual Insurance Company.

The lawsuits began in the LaPorte Superior Court. Amazon timely removed. The notices of removal said this court had diversity jurisdiction under 28 U.S.C. § 1332(a) because the plaintiffs were Indiana citizens and the "properly joined defendants" were citizens of other states. Amazon also contended that St. Joseph County, Progressive, and United Farm were fraudulently joined, so their citizenships should be ignored for diversity purposes. This matters because the

court, one of limited jurisdiction, cannot hear this case without diversity jurisdiction (for there is no federal question presented).

The plaintiffs in each of the three cases ask the court to remand the case to state court, employing similar arguments. They argue removal was improper because St. Joseph County was properly joined and destroys diversity of citizenship. J.V. and the Henrichs also argue their insurers (Progressive and United Farm) were properly joined and do the same. They say these defendants are Indiana citizens, the parties are not fully diverse, and the court thus lacks diversity jurisdiction. They also ask for legal fees for opposing removal.

Only Amazon responded, and it advances similar arguments in all three cases that the court has jurisdiction. The overlapping arguments from all parties permit the court to address the three motions to remand collectively. Amazon, St. Joseph County, and EAN each also moved to dismiss for failure to state a claim in each case, and these motions remain pending. *See* Fed. R. Civ. P. 12(b)(6).

Removal is proper when state claims could have been originally brought in federal court. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction," *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018), and the law "interpret[s] the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court," *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal was predicated on diversity jurisdiction. Based on the operative complaints, notices of removal, and corporate disclosure statements, the Shails, J.V., and the Henrichs are all Indiana citizens, whereas Mr. Akison is an Illinois citizen, Elite Courier is an Illinois citizen, EAN is a Missouri citizen, the Amazon defendants are each Delaware and Washington citizens, American Southern is a citizen of Florida and Ohio, and West Bend is a citizen of Wisconsin. No problems there, as the plaintiffs and these defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1). But St. Joseph County is an Indiana citizen, *see Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes"); *Goros v. Cnty. of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) ("a county is a 'citizen' of its state for purposes of the diversity jurisdiction"), as are Progressive and United Farm. If St. Joseph County is properly joined in the lawsuits, then it destroys diversity jurisdiction in each case, necessitating remand. The same would be true of the two insurers in the two respective cases, though the court need not address more than St. Joseph County today.

Amazon argues that there is no need to remand because St. Joseph County was fraudulently joined. The fraudulent joinder doctrine is an "exception to the requirement of complete diversity." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Under the doctrine, "an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). The name is perhaps a misnomer—it requires neither fraud nor joinder in the true sense. *See Schur*, 577 F.3d at 763 n.9.

"To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant'"—that is, when the claim has "no chance of success." *Morris*, 718 F.3d at 666 (quoting *Poulos*, 959 F.2d at 73) (emphasis original); *see also Schur*, 577 F.3d at 764 (noting that "some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"). This is "an act of prediction" that asks whether there is "any reasonable possibility that a state court would rule against the non-diverse defendant[.]" *Poulos*, 959 F.2d at 73. "If the removing defendant can meet this heavy burden, the federal district court considering removal may disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Morris*, 718 F.3d at 666 (quotations and citations omitted).

Thus, for the court to retain jurisdiction over these cases, Amazon must show that St. Joseph County was fraudulently joined (and likewise the two insurers). If a plaintiff in these cases can establish a claim against St. Joseph County (or, where applicable, his or her respective non-diverse insurer), then that case lacks complete diversity, and the court will remand it to state court for lack of subject matter jurisdiction.

The court begins and ends with the claims asserted against St. Joseph County. The plaintiffs package three claims under a negligence theory: the failure of county deputies to stop Mr. Akison's truck, their failure to continue pursuing his truck from St. Joseph County into LaPorte County, and their failure to hand off the pursuit to a LaPorte County law enforcement

agency.[1] The plaintiffs employ a *respondeat superior* theory (a form of vicarious liability) that seeks to pin state tort responsibility on the county for the actions (or inactions) of its sheriff deputies. *See Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 459 (Ind. 2018) (recognizing two theories of vicarious liability). In counterpoint, Amazon says each of these negligence claims is barred by Indiana's law enforcement immunity within the Indiana Tort Claims Act (ITCA).

Immunity under the ITCA assumes negligence but shields liability. *Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011). In one form of immunity, a governmental entity is not liable if the loss results from the "adoption and enforcement of or failure to adopt or enforce . . . a law (including rules and regulations) . . . unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(a)(8). This "law enforcement immunity" covers the "adoption and enforcement of laws that are within the assignment of the governmental unit," or "failing to adopt or enforce a law that falls within the scope of the entity's purpose or operational power." *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 482-83 (Ind. 2003). No one contends that immunity attaches because the county adopted a law; the question of immunity today rests entirely on whether county deputies enforced or failed to enforce a law.

The statute's language plainly requires certain rudiments. For one, county deputies must have been engaged in enforcement, or some failure to enforce a law. Complying (or not complying) with a law isn't the same as enforcing (or not enforcing) that law. *See Mullin v. Mun. City of South Bend*, 639 N.E.2d 278, 283 (Ind. 1994); *Sandifar v. Patterson*, 255 N.E.3d 1190, 1197

---

[1] To the extent these allegations are better construed as legal theories rather than independent claims, the analysis remains unchanged. *See Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021)) ("Where a plaintiff states a plausible claim for relief under one discernable legal theory, 'we start and end there.'").

(Ind. Ct. App. 2025); *Hopkins v. Indianapolis Pub. Schs.*, 183 N.E.3d 308, 314-15 (Ind. Ct. App. 2022); *City of Valparaiso v. Defler*, 694 N.E.2d 1177, 1183 (Ind. Ct. App. 1998).[2] Instead, enforcement means "compelling or attempting to compel the obedience of *another* to laws, rules, or regulations, and the sanctioning or attempt to sanction a violation thereof." *St. Joseph Cnty. Police Dep't v. Shumaker*, 812 N.E.2d 1143, 1150 (Ind. Ct. App. 2004); *see also Mullin*, 639 N.E.2d at 283 (same); *accord Davis v. Animal Control—City of Evansville*, 948 N.E.2d 1161, 1164 (Ind. 2011) (immunity applies when "the activity [is] one in which government either compels obedience to laws, rules, or regulations or sanctions or attempts to sanction violations thereof"). If an officer isn't doing this, he isn't engaged in enforcement. *Mullin*, 639 N.E.2d at 283.

For another, Amazon must point to the law, regulation, or rule that sheriff deputies were either enforcing or failing to enforce when they were engaged in these three alleged acts of negligence, *see* Ind. Code § 34-13-3-3(a)(8); *Doe v. Barber*, 2025 U.S. Dist. LEXIS 141237, 16 (N.D. Ind. July 23, 2025), else almost by definition the company cannot meet its burden of showing that the county enjoys immunity under the ITCA, *see King*, 790 N.E.2d at 480. After all, not everything a law enforcement officer does is law enforcement. *See, e.g., Patrick v. Miresso*, 848 N.E.2d 1083, 1084 (Ind. 2006) (no immunity for "officer's negligent operation of a police vehicle while pursuing a fleeing suspect"); *Quackenbush v. Lackey*, 622 N.E.2d 1284, 1285 (Ind. 1993) ("police officer traveling to the scene of a crime is not immune from civil liability for driving in a negligent manner"). Indeed, police officers could be liable for a fleeing suspect's dangerous

---

[2] For instance, in *Mullin*, 639 N.E.2d at 283, a city was not immune when its dispatcher failed to send an ambulance to a house fire despite warnings that people may have been inside because following its own policy was not the same as enforcing it. And in *Defler*, 694 N.E.2d at 1183, a city was not immune when it was compelled by other governmental entities to follow a law rather than the city being the one compelling someone else to follow it.

driving when they take actions that foreseeably result in the suspect's negligence. *See City of Indianapolis v. Garman*, 848 N.E.2d 1087, 1088 (Ind. 2006); *City of Indianapolis v. Earl*, 960 N.E.2d 868, 870-71 (Ind. Ct. App. 2012); *Smith v. Ciesielksi*, 975 F. Supp.2d 930, 945 (S.D. Ind. 2013).

These plain rudiments also must be construed "narrowly against the grant of immunity" because "the ITCA is in derogation of the common law." *Mangold v. Ind. Dep't of Nat. Res.*, 756 N.E.2d 970, 975 (Ind. 2001). Time and again, Indiana law has emphasized that "governmental liability for tortious conduct [is] the rule while immunity [is] the exception." *Ladra v. State*, 177 N.E.3d 412, 418 (Ind. 2021).

There are intuitive cases. For instance, immunity applies when police officers enforce or fail to enforce a law as part of their pursuit of suspects—by chasing a suspect into another's home to arrest the suspect, *O'Bannon v. City of Anderson*, 733 N.E.2d 1, 2-3 (Ind. Ct. App. 2020), or by unsuccessfully searching for a suspect before he kills another person, *Severson v. Bd. of Trs. of Purdue Univ.*, 777 N.E.2d 1181, 1202 (Ind. Ct. App. 2002), or by declining to arrest an intoxicated driver during a stop who later kills someone in a collision, *Minks v. Pina*, 709 N.E.2d 379, 382-83 (Ind. Ct. App. 1999); *see also City of Hammond v. Reffitt*, 789 N.E.2d 998, 1001-03 (Ind. Ct. App. 2003). Were today's negligence claim merely about county deputies pursuing but failing to stop Mr. Akison's box truck before this accident, the question of immunity might well be a simple one to answer. *See Quackenbush*, 622 N.E.2d at 1287 n.3 (ITCA law enforcement immunity covers at least "traditional law enforcement activities such as the arrest or pursuit of suspects by police").

But there is more to these pleadings. Just because county deputies suspended their pursuit doesn't mean efforts to enforce the law, or a decision not to enforce the law, ended in that precise moment. Indiana law has not established "a bright line rule that any actions after an officer

determines not to arrest an individual are no longer considered enforcement." *Minks*, 709 N.E.2d 383; *see, e.g., Linden v. Health Care 2000, Inc.*, 809 N.E.2d 929, 935 (Ind. Ct. App. 2004) (*dicta*) (immunity would attach to the government agency's failure to warn enrollees in health insurance program of insurer's lack of authority to sell benefits, had their losses been caused by this, when in truth losses were caused by the agency's failure to shut the business down). At the same time, not everything a police officer does before or after pursuit qualifies for this type of immunity. *See, e.g., Quackenbush*, 622 N.E.2d at 1285.

At this early stage, for the purpose alone of assessing subject matter jurisdiction and fraudulent joinder—the exercise of determining whether a negligence claim against St. Joseph County has any "reasonable possibility" of surviving in state court or whether such a claim has "no chance of success," *Poulos*, 959 F.2d at 73—the negligence claim predictively has legs to outpace immunity based on the allegation that St. Joseph County failed to hand off the pursuit to a LaPorte County agency. Of course, the court offers no views on the actual merits of this claim, but the court cannot say the county was fraudulently joined as a party.

Amazon has not met its burden. Amazon neither points to a single law, regulation, or rule that St. Joseph County deputies were enforcing or failing to enforce when they chose not to alert LaPorte County, nor identifies the origin of one county's authority to compel obedience from another county to undertake or continue the pursuit—that this would fall within St. Joseph County's operational power. *See King*, 790 N.E.2d at 480. What Amazon does say is that the failure to pursue a suspect for allegedly violating Indiana traffic laws falls squarely within the sheriff's department's powers. Easy enough, but to the extent the company suggests that not passing off the pursuit to another county is the same, it doesn't connect the dots.

Nor has Amazon established that, based on these operative pleadings, St. Joseph County deputies necessarily must have been engaged in enforcement—compelling (or not compelling) obedience of another to comply with a law. In not alerting LaPorte County, they cannot be said to be compelling or not compelling Mr. Akison to comply with the law. They cannot be said to be compelling LaPorte County to act. A referral without any duty or other obligation by another autonomous government entity to act is merely a report or a request. Nothing compels whoever receives that referral to take any action. Nor is it a sanction for a violation of a law or other rule. This was not compelling the driver's or anyone else's obedience to the law, but an allegation about alerting someone in the hope that someone else would compel the driver to obey. And to the extent Amazon theorizes that St. Joseph County may have been violating its own rule or policy, the county's failure to comply is not a failure to enforce someone else's compliance. *See Mullin*, 639 N.E.2d at 283 ("following governmental policy is not the same as enforcing it"); *accord Doe*, 2025 U.S. Dist. LEXIS 141237 at 17 ("enforcing criminal laws and reporting misconduct . . . are not inherently the same thing").

In short, Amazon has not on this record established the statutory fundamentals that trigger law enforcement immunity for St. Joseph County. To the extent Amazon inkles another argument that the county's alleged failure to refer might still be a failure to enforce the law, it faces too many headwinds from the various legal standards: ITCA immunity is construed narrowly, *Mangold*, 756 N.E.2d at 975, and a fraudulent joinder analysis requires the court to resolve all issues of fact and law in favor of the plaintiffs, *Morris*, 718 F.3d at 666. Based on these allegations, when Amazon has not pointed to a law the county failed to enforce in declining to alert its neighboring county about an intoxicated driver, with immunity construed narrowly, and

with all issues resolved to favor the plaintiffs, there is a reasonable possibility a state court would rule against the county on law enforcement immunity. *See Poulos*, 959 F.2d at 73.

The court need not consider whether St. Joseph County's failure to pursue Mr. Akison into LaPorte County would be immunized because the "failure to refer" iteration of negligence has a reasonable possibility of withstanding an ITCA immunity challenge. Nor must the court assess any argument about the fraudulent joinder of Progressive or United Farm. St. Joseph County, an Indiana citizen joined as a defendant in each lawsuit, defeats diversity of citizenship. The court lacks subject matter jurisdiction, so the cases must be remanded to state court without addressing other pending motions.[3]

Last are the plaintiffs' requests for attorney fees for improvident removals. *See* 28 U.S.C. § 1447(c). The court has discretion to award attorney fees to a party who successfully moves to remand. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, the court may award attorney fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141 (cleaned up); *see Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his [attorney] fees").

The court cannot say the defendants had no objectively reasonable basis to remove the case. Briefing was sophisticated, adroitly covering a range of issues. The dispositive issue of

---

[3] In the spirit of helpfulness, from the court's review of the dockets, the following matters will still pend: in the *Shail* case, No. 3:25cv953, the motions to dismiss by Amazon [51], St. Joseph County [52], and EAN (original and corrected) [37, 63]; in the *J.V.* case, No. 3:25cv954, the motions to dismiss by Amazon [50], St. Joseph County [51], and EAN (original and redacted) [33, 46], as well as EAN's erroneously filed motion to dismiss [65] and motion to withdraw it [69]; and in the *Henrich* case, No. 3:26cv36, the motions to dismiss by Amazon [38], St. Joseph County (original and amended) [4, 5], and EAN [17].

immunity for the failure to refer received less attention from all parties and is one in which the law is nuanced and pleading-specific. Section 1447(c) isn't a fee-shifting mechanism merely for unsuccessful advocacy, and the court cannot say the removal position was so clearly foreclosed as to be objectively unreasonable. The court declines to award fees.

## CONCLUSION

Accordingly, the court GRANTS the motions to remand [No. 3:25cv953 Dkt. 29; No. 3:25cv954 Dkts. 28, 40; No. 3:26cv36 Dkt. 13], REMANDS each case to the LaPorte Superior Court, and DENIES the requests for attorney fees.

SO ORDERED.

June 5, 2026

_s/ Damon R. Leichty_
Judge, United States District Court

12